<div align="center">

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

</div>

**KENDRICK DULDULAO,**

    **Plaintiff,**

v.                                                  Case No.  8:10-cv-2674-T-30AEP

**YBOR IGUANA MANAGEMENT, INC.,**
a Florida corporation, d/b/a **THE GREEN
IGUANA; FRANK DE LA GRANA,** an
individual; **MARYSE PARRINO,** an
individual,

    **Defendants.**
_____/

<div align="center">

**ORDER**

</div>

      THIS CAUSE comes before the Court upon Plaintiffs' Motion for Extension of Time to File Plaintiff's Motion for Attorney's Fees and Costs, or in the Alternative, Motion to Vacate Order of Dismissal and Reopen Case (Dkt. 30) and Defendants' Response in opposition (Dkt. 31).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that it should be granted in part and denied in part.

      This is an action filed under Title III of the Americans with Disabilities Act ("ADA").  On April 7, 2011, the Court, after being informed by the parties that they had reached a settlement of this case, entered its sixty-day Order (Dkt. 23).  Pursuant to that Order, this case was dismissed, without prejudice, to the parties to file within sixty days a stipulated form of final order or for any party to move to reopen the action, upon good cause shown.  After the

sixty-day period, the Order specified that dismissal "shall be with prejudice." The Order also specified that the Court retained jurisdiction during and after the sixty-day period to determine the reasonableness of Plaintiff's attorney's fees and costs.

In the notice of settlement (Dkt. 22), the parties indicated that the settlement agreement was "being drafted and circulated for signatures" and a "stipulation of dismissal [would] be filed with the Court shortly [thereafter]."

It has been nearly 120 days since the Court entered the sixty-day Order and the Court still has not received a stipulation of dismissal. Rather, Plaintiff has filed a number of requests for extensions of time to file the settlement documents. Notably, the Court is very familiar with Plaintiff and his counsel, Bradley Weitz, because Plaintiff is a serial Plaintiff and has filed numerous ADA cases in the Middle District of Florida. In almost all of the cases that have been before this Court, Mr. Weitz has habitually filed motions for extensions of time. Mr. Weitz files these motions, as he has in this case, even after he previously indicates to the Court that his request for an extension is the "final" request. Indeed, this is the second motion for an extension of time to file the settlement documents since Mr. Weitz previously indicated that his request for more time was the "final" request. (See Dkts. 26, 28, 30).

In this case alone, Plaintiff has filed a total of nine motions for extensions of time, which the Court has granted, other than the instant motion. Now, the instant motion, which Defendant opposes, requests additional time to file the settlement documentation, or, in the alternative, requests that the Court vacate its sixty-day Order, because "specific terms of the


Settlement Agreement have not been fully agreed to by the Parties" and because "the undersigned has been, and still is currently, out of the country, in Israel." These reasons do not warrant any further extensions of time.

The parties filed a notice of settlement on April 5, 2011, and it was represented to the Court that the settlement agreement was being drafted and circulated (Dkt. 22). It has been nearly 120 days since the filing of that notice. Further, Mr. Weitz's extensive travel out of the country, which is a common "reason" for his inability to meet the Court's deadlines, in this case, and in the numerous other cases filed by this Plaintiff, is insufficient to establish good cause.[1]

In light of the circumstances of this case and Plaintiff's utter lack of respect of the deadlines imposed by this Court, the Court will grant Plaintiff a **final** extension of time until this Friday, August 5, 2011, to file a stipulation of dismissal, the settlement documentation, and billing documentation in support of his attorneys' fees and costs.[2] Plaintiff's motion is denied to the extent that it requests the Court to vacate the sixty-day Order. If Plaintiff does not file the information set forth above by this Friday, August 5, 2011, this case will stand dismissed with prejudice.

---

[1] Notably, in the motions for extension of time filed on July 7, 2011 (in which a one-week extension was requested) and July 14, 2011 (in which a two-week extension was requested), the undersigned, Mr. Weitz, indicated that he was unable to meet the Court's deadline because he was out of the country, in Israel. (Dkts. 26, 28). Therefore, one would anticipate, although incorrectly in this case, that Mr. Weitz would have been aware of when he would be returning from Israel.

[2] The Court makes no determination, at this time, as to the reasonableness of any award of fees and costs to Plaintiff.

The Court will not entertain any additional requests for extensions of time from Plaintiff in this case. Also, going forward, Plaintiff shall be advised that the Court will take a firmer stance on his habitual practice of being unable to meet the deadlines imposed by this Court.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Extension of Time to File Plaintiff's Motion for Attorney's Fees and Costs, or in the Alternative, Motion to Vacate Order of Dismissal and Reopen Case (Dkt. 30) is granted in part and denied in part.

2. Plaintiff is granted an extension until this **Friday, August 5, 2011**, to file a stipulation of dismissal, settlement documentation, and billing invoices in support of any attorneys' fees and costs. If Plaintiff does not abide by this deadline, this case shall stand dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2674.mtext30.frm